**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 6 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| YAMIRKA LAGUNA LOZANO, | No.   20-71593 |
| Petitioner, | Agency No. A203-699-877 |
| v. | |
| MERRICK GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 16, 2021**
San Francisco, California

Before:  BERZON, MURGUIA, and CHRISTEN, Circuit Judges.

Petitioner Yamirka Laguna Lozano is a native and citizen of Cuba.  Lozano petitions for review of the Board of Immigration Appeals's ("BIA") decision dismissing her appeal from the Immigration Judge's ("IJ") decision, which denied her application for asylum, withholding of removal, and protection under the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252(a), and we deny the petition.[1]

We review the agency's "denials of asylum, withholding of removal, and CAT relief" for substantial evidence. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). To prevail under the substantial-evidence standard, a petitioner must demonstrate "that the evidence not only supports, but compels the conclusion that the[] [agency's] findings and decisions are erroneous." *Cordon-Garcia v. INS*, 204 F.3d 985, 990 (9th Cir. 2000). Where, as here, the BIA conducted its own review of the evidence, we review the BIA's legal conclusions de novo and limit our review to the BIA's decision "except to the extent the IJ's opinion is expressly adopted." *Id.*

1.    Substantial evidence supports the agency's decision to deny Lozano's asylum application. To qualify for asylum, Lozano must show past persecution or a well-founded fear of future persecution on account of a protected ground. 8 U.S.C. §§ 1101(a)(42), 1158(b); 8 C.F.R. § 1208.13(b). Persecution is an "extreme concept" and "does not include every sort of treatment our society regards as offensive." *Gu v. Gonzales*, 454 F.3d 1014, 1019 (9th Cir. 2006) (citations omitted). Whether a petitioner's harm constitutes past persecution is "heavily fact-dependent" and "perhaps best answered by comparing the facts of [the] [p]etitioner's case with

_____

[1] Because the parties are familiar with the facts, we do not recite them here.

2

those of similar cases." *Singh v. INS*, 134 F.3d 962, 967–68 (9th Cir. 1998).

Lozano argues that her treatment—including arrests, detentions, assault, and threats—amount to past persecution on account of her political opinion. Lozano's treatment, however, closely mirrors harm that does not compel a finding of past persecution. *See Gu*, 454 F.3d at 1017–21, 1029 (holding that a reasonable factfinder was not compelled to find past persecution after the petitioner was detained for three days, struck on the back ten times with a rod, and interrogated in a room filled with instruments of torture); *Prasad v. INS*, 47 F.3d 336, 339–40 (9th Cir. 1995) (holding that a reasonable factfinder *could* have determined that four to six hours of detention, combined with a police officer punching and kicking the petitioner, constituted past persecution but did not *compel* the conclusion of past persecution); *see also Hoxha v. Ashcroft*, 319 F.3d 1179, 1181–82 (9th Cir. 2003) (holding that prolonged harassment, death threats, and one serious physical beating did not compel the conclusion that the petitioner suffered past persecution).

Lozano also argues that she has a well-founded fear of future persecution, which must be "subjectively genuine and objectively reasonable" to warrant asylum. *Rusak v. Holder*, 734 F.3d 894, 896 (9th Cir. 2013) (citation omitted). The objective component may be established by "adducing credible, direct, and specific evidence in the record of facts that would support a reasonable fear of persecution." *Ladha v. INS*, 215 F.3d 889, 897 (9th Cir. 2000) (citation omitted), *overruled on other*

3

*grounds by Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009) (en banc) (per curiam). Lozano appeared pro se at her hearing before the IJ and testified that her "having come [to the United States] is the worst treason [she] could have done to Cuba," and that she would be jailed and made to disappear if she returns. Lozano submitted declarations from two of her neighbors in Cuba who stated that they had heard government officials threaten Lozano with disappearance and death. Lozano was represented by counsel in her appeal to the BIA, but did not argue that the threats she would "disappear," or her flight from Cuba, were evidence supporting a reasonable fear of persecution. Instead, her brief to the BIA focused on threats of imprisonment and physical mistreatment on account of her political activity while in Cuba. On the arguments raised, Lozano has failed to provide any credible, direct, and specific evidence *compelling* the agency to find that she had an objectively reasonable fear of future persecution.

2.    Lozano failed to exhaust her withholding-of-removal claim and her CAT claim before the BIA. A petitioner "exhaust[s] only those issues [s]he raised *and argued* in h[er] brief before the BIA." *Abebe*, 554 F.3d at 1208 (emphasis added); *see also Alanniz v. Barr*, 924 F.3d 1061, 1069 & n.8 (9th Cir. 2019) (stating that the petitioner failed to exhaust his CAT claim when it "was mentioned only twice in [the petitioner's] brief to the BIA . . . [and] [t]he brief contained no argument for relief under the CAT"). Because Lozano's brief before the BIA provided no

4

reasons nor argument explaining why the IJ erred in denying her withholding-of-removal claim and CAT claim, she failed to exhaust those two claims. *See Abebe*, 554 F.3d at 1208; *see also Alanniz*, 924 F.3d at 1069 & n.8. We therefore lack jurisdiction to consider Lozano's withholding-of-removal claim and CAT claim. *Abebe*, 554 F.3d at 1208.

**PETITION DENIED IN PART AND DISMISSED IN PART.**